any loss, or is willing to restore those proceeds, but because he has aided the captors in a fraud, which touches the sovereign rights of Colombia, or Spain, or both. It appears to me, that an American court has no authority to intermeddle in such controversies. The title to the property was regularly acquired by the captors; they have sold that property to the defendant; he has had possession of the proceeds. There is no moral wrong in compelling him to pay the consideration of the purchase. Our judgment will not touch in the slightest degree the authority of either sovereign to seek his own redress for any wrong done to him in these proceedings. The law of nations has not pronounced a title so acquired to be an absolute nullity; and it has been long settled, that our tribunals do not sit to enforce the mere municipal regulations, or vinuicate the injured sovereignty, of foreign nations. For aught that we know, a proper sentence of condemnation may already have passed on this property. It may hereafter be passed by the prize courts of the government of Colombia; for a sale of prizes, however irregular before condemnation, is such a proceeding as does not oust the prize jurisdiction; but the proper court may still in its discretion interfere, and confirm the title by its definitive sentence of condemnation. See The L'Eole, 6 C. Rob. Adm. 220, 224; The La Dame Cecile, Id. 257, 260; The Falcon, Id. 194, 200; The Arabella [Case No. 501].

It has been said, that our law upon general principles prohibits a citizen from colluding with foreigners to procure a wreck. If by this is meant a wreck, which is a fraud upon the laws or rights of our government, or upon the private rights of property of our citizens, the doctrine may be admitted; but its application to the facts of the present case is not perceived. Here, the captors were the owners and possessors of the property; and it will scarcely be pretended, that a wreck, procured by the connivance and consent of the owner, and not intended to cheat or defraud any third person, but merely to escape belligerent risks, falls exactly under the like considerations. Upon the whole, my opinion is, that the verdict is right, and that judgment ought to pass against the defendant.

---

HOPPE (UNITED STATES v.). See Case No. 15,388.

HOPPER (BUTLER v.). See Case No. 2,241.

---

## Case No. 6,700.

### Ex parte HOPPOCK.

[The case reported under above title in 2 Ben. 478, is the same as Case No. 1,912.]

---

HOPPOCK (BROCK v.). See Case No. 1,912.

HOPPOCK (HYSLOP v.). See Cases Nos. 6,-988 and 6,989.

---

## Case No. 6,701.

### HOPPOCK v. WICKER.

[4 Biss. 469.] [1]

Circuit Court, N. D. Illinois. March, 1866. [2]

CONTRACTS—CONSIDERATION—CLAIM NEED NOT BE A VALID ONE—MEASURE OF DAMAGES.

1. Where A held a claim against B and C, a promise by B to A that if he, A, would sue C, obtain judgment and levy on his property, he, B, would bid the amount of the claim, is a valid consideration upon which an action will lie by A against B for refusing so to bid.

[See note at end of case.]

2. It is not necessary that the claim be a legal or valid claim against B. It is sufficient that he desired it to be prosecuted against C, and not against himself.

[Cited in Hewett v. Currier, 63 Wis. 395, 23 N. W. 884.]

3. It seems that full damages could not be recovered unless the debt was lost in consequence of such failure to bid, or it appeared that C did not have other property from which the judgment could be made.

[This was an action at law by S. Hoppock against Joel C. Wicker.] Demurrer to declaration.

McCagg & Fuller, for plaintiff.

Chas. H. Reed, for defendant.

DRUMMOND, District Judge. The substantial ground of the action in this case is, that the plaintiff had a claim consisting of a debt or demand, as alleged in the declaration, against J. P. Chapin & Co., and against the defendant, for the rent of divers lots of land in the county of Fulton, which claim amounted to sixteen or seventeen hundred dollars, and that the defendant promised the plaintiff that if he would bring suit or suits against J. P. Chapin & Co.. and obtain a judgment against them, and offer for sale certain property, that he would bid for that property the amount of the claim; and the declaration further avers that he promised to pay the taxes on the property and the premium for the renewal of two policies of insurance which were then held; and that the plaintiff, relying upon this promise of the defendant, commenced suits against J. P. Chapin & Co. for this claim, and recovered judgment against them for the amount; that execution was taken out and levied upon the property, and that it was offered for sale and defendant was notified and had due notice of all these facts, and was requested to comply with his promise and undertaking, by bidding the amount of the judgment or claim; that he failed to do this, by which the plaintiff has sustained damage. This is substantially the ground of the action set forth in the declaration.

Objection is taken that it is not a good

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] [Affirmed in 6 Wall. (73 U. S.) 94.]